**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: FIREFIGHTER TURNOUT GEAR MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL NO. 3191 |

**PLAINTIFF'S RESPONSE IN SUPPORT OF CENTRALIZATION AND TRANSFER OF
RELATED ACTIONS TO THE DISTRICT OF MINNESOTA**

Plaintiff City of Peabody, Massachusetts ("Plaintiff"), through its respective undersigned counsel, respectfully submits this Response in Support of Transfer of Related Actions to the District of Minnesota pursuant to 28 U.S.C. § 1407. Plaintiff is the putative representative of the class alleged in *Peabody v. 3M Company, et al.*, No. 25-cv-2083 (D. Minn.), currently pending in the District of Minnesota before the Honorable District Judge Jeffrey M. Bryan.

Plaintiff filed its complaint in the United States District Court for the District of Minnesota against 3M Company, EDIP, Inc., the Chemours Company; and Globe Manufacturing Company, LLC; among others (collectively, "Defendants"). The Defendants are producers of perfluorinated and polyfluorinated alkyl substances ("PFAS"), textile manufacturers, and a number of other manufacturers, assemblers, and distributors in the supply chain for specialized firefighter protective gear ("Turnout Gear"). The related actions pending throughout the country arise from the same alleged nationwide misconduct involving the manufacture, distribution, marketing, and sale of firefighter turnout gear contaminated with PFAS. The actions are rooted in the same operative facts, concern the same categories of products, involve substantially overlapping defendants, and will depend upon the same scientific, technical, regulatory, and corporate evidence. Centralization is therefore necessary to avoid duplicative litigation, eliminate the

1

substantial risk of inconsistent pretrial rulings, and ensure the efficient and orderly management of these complex proceedings.

The District of Minnesota is the most appropriate forum for coordinated or consolidated pretrial proceedings because multiple related actions are already pending there, Defendant 3M is headquartered there, and the District is likely to serve as the central repository for critical witnesses, documents, and evidence relevant to the litigation. Transfer to Minnesota will conserve judicial resources, reduce unnecessary burden on parties and witnesses, and facilitate efficient resolution of overlapping discovery and pretrial issues that otherwise would be litigated simultaneously in courts across the country.

## ARGUMENT

### I.     Plaintiff agrees that centralization and transfer of all related actions is appropriate.

Plaintiff agrees that the Panel should centralize and transfer the related actions. 28 U.S.C. § 1407(a) authorizes the transfer of civil actions pending in various federal district courts "involving one or more common questions of fact" to a single federal district court for coordinated or consolidated pretrial proceedings when the Panel determines that such transfer serves "the convenience of the parties and witnesses and will promote the just and efficient conduct of such actions." The related actions before the Pannel share common issues of fact and law and will likely require the same witnesses and evidence. Accordingly, consolidation and transfer would serve the convenience of the parties and witnesses and promote efficient resolution of these actions.

Absent centralization, the parties will be forced to engage in substantially duplicative discovery in multiple jurisdictions at the same time. The same corporate witnesses will likely be deposed repeatedly regarding overlapping topics such as PFAS research, internal testing, product development, supplier relationships, regulatory compliance, and corporate knowledge concerning

contamination and health risks.[1] Likewise, the same categories of documents—including internal communications, scientific studies, product specifications, testing data, and regulatory materials—will be requested, reviewed, and litigated repeatedly across multiple courts.

The burden imposed by parallel proceedings would be particularly significant in this litigation given the highly technical and scientifically complex nature of the claims. Discovery will likely involve extensive expert testimony concerning toxicology, environmental contamination, industrial chemistry, occupational exposure, epidemiology, and remediation methodologies. Without centralized management, multiple courts could be required to address overlapping Daubert issues, disputes concerning expert methodologies, and admissibility questions regarding the same scientific evidence. Such duplication would not only waste judicial and party resources but would also create a serious risk of inconsistent rulings on core scientific and legal issues that should be resolved uniformly.

Moreover, coordinated proceedings will encourage more efficient management of settlement discussions, discovery scheduling, protective orders, electronically stored information protocols, and other case-management issues that would otherwise need to be separately negotiated and litigated in multiple districts. Centralization will therefore conserve resources not only for the judiciary, but also for the parties, witnesses, experts, and third parties involved in discovery.

For all of these reasons, transfer and centralization are necessary to promote the just and efficient conduct of this litigation.

---

[1] *See* Rochester Mem. in Supp. of Mot. for Centralization and Transfer at 4–5 (identifying common factual issues concerning PFAS toxicity, contamination risks associated with firefighter turnout gear, Defendants' knowledge regarding PFAS hazards, and alleged concealment of those risks).

**II.     The District of Minnesota is the appropriate MDL transferee district.**

When a particular harm causes complaints to arise in geographically dispersed areas and has in fact resulted in a "wide array already of suggested transferee districts, it is clear that any one of one of a large number of districts would qualify as an appropriate transferee forum." *In re Baycol Prods. Liab. Litig.*, 180 F. Supp. 2d 1378, 1380 (J.P.M.L. 2001). In similar circumstances, where no particular state could be determined to be the "epicenter" of injury, this Panel has considered the District of Minnesota to be the appropriate transferee district based on the fact that it: (1) is a major metropolitan court; (2) is centrally located; (3) is not overtaxed with other multidistrict dockets; and (4) possesses the necessary resources, facilities, and technology to sure-handedly devote the substantial time and effort to pretrial matters that this complex docket is likely to require. *Id.*; *see In re: Fluoroquinolone Prod. Liab. Litig.*, 122 F. Supp. 3d 1378, 1381 (J.P.M.L. 2015) (concluding that Minnesota is the appropriate transferee district in part because it "provides a geographically central and convenient forum for this nationwide litigation").

As demonstrated by this Panel's decision in *In re Baycol*, when the injuries do not cluster around an injury "epicenter," the focus is placed on determining which district is most capable of accommodating all the litigants as a whole, has its door open, and can manage this case efficiently. Minnesota is, uniquely, that district.

The presence of key evidence and witnesses within the District strongly favors centralization there. Indeed, the JPML has recognized that a district may be an appropriate transferee forum where a principal defendant is headquartered there and relevant witnesses and documents are likely located there. *See In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, 148 F. Supp. 3d 1383, 1386 (J.P.M.L. 2015). The same considerations are present here, where a principal defendant is headquartered in Minnesota and significant documentary and

testimonial evidence is expected to originate from that district. Litigating these actions in Minnesota will reduce unnecessary travel burdens, facilitate access to documentary evidence, and streamline coordination with corporate custodians and witnesses likely located within or near the District.

**A. The District of Minnesota is the most likely to serve the convenience of the largest number of parties and witnesses.**

Bearing in mind that centralization almost always poses an inconvenience to some participants, the Panel should consider the convenience of the parties to the litigation as a whole. *See* 28 U.S.C. § 1407(a) (the Panel may transfer related actions upon "its determination that transfers . . . will be for the convenience of the parties and witnesses"). Minnesota has a direct factual connection to the litigation because Defendant 3M is headquartered there and is alleged to have played a central role in the manufacture, development, testing, marketing, and sale of PFAS-containing materials used in firefighter turnout gear.[2] As alleged throughout the related complaints, 3M possessed substantial historical knowledge regarding the environmental persistence and health risks associated with PFAS. Consequently, significant evidence relevant to the litigation—including corporate records, internal studies, communications, testing materials, and witnesses with knowledge regarding PFAS development and safety information—is likely concentrated in Minnesota.[3]

Additionally, with tens of thousands of fire departments spread across the United States having been contaminated with PFAS-laden Turnout Gear, a centrally located district like the

---

[2] *See* Rochester Mem. in Supp. of Mot. for Centralization and Transfer at 6 (describing 3M as a principal PFAS-related defendant headquartered in Minnesota and alleging that it possessed longstanding knowledge concerning PFAS-related risks).

[3] *See id.* at 6 (noting that 3M is headquartered in Minnesota and that relevant witnesses and evidence are likely located there).

District of Minnesota is most appropriate. *In re Stryker Rejuvenate, ABG II Hip Implant Prods. Liab. Litig.*, 949 F. Supp. 2d 1378, 1380 (J.P.M.L. 2013) (finding the District of Minnesota appropriate for complex multidistrict litigation because it provides a "geographically central forum").

### B. The District of Minnesota has expertise in the common issues raised by Plaintiff's pleadings.

The District of Minnesota is well-versed in handling multidistrict litigation and complex class actions. The district of Minnesota has brought about efficient, successful resolution in several such multidistrict litigations including *In re CenturyLink Sales Practices and Securities Litigation*, 17-md-2795 (MJD/JFD), and *In re: HardiePlank Fiber Cement Siding Litigation*, 12-md-2359 (MJD/LIB). The District of Minnesota currently has the capacity to handle an MDL of this magnitude and its extensive knowledge, background, and experience MDLs complex cases will undoubtedly ensure that this litigation will proceed in a timely and efficient manner.[4]

Should the Panel transfer the cases to the District of Minnesota, Plaintiff respectfully requests that they be assigned to the Honorable District Judge Jeffrey M. Bryan, who currently presides over Plaintiff's action and the two related actions filed in the District of Minnesota. *City of Peabody, Massachusetts v. 3M Company, et al.*, No. 25-cv-2083 (JMB/SGE) (D. Minn.); *City of Rochester, New York v. 3M Company, et al.*, No. 26-cv-02329 (JMB/SGE) (D. Minn.); *Earlville Community Fire Protection District v. 3M Company, et al.*, No. 26-cv-02388 (JMB/SGE) (D. Minn.). Judge Bryan is a respected jurist who is not currently assigned an MDL. *See In re Bayer*

---

[4] Although the District of Minnesota saw a significant influx of new petitions for habeas corpus following the Department of Homeland Security's launch of Operation Metro Surge, the number of new petitions has been falling since that operation ceased on February 12, 2026. *See Decline in new filings coincides with ICE reduction announcement, but courts still busy*, MPR NEWS, (Mar. 1, 2026), https://www.mprnews.org/story/2026/03/01/new-ice-filings-decline-but-courts-still-busy.

*Corp. Combination Aspirin Prods. Mktg. & Sales Practices Litig.*, 609 F. Supp. 2d 1379, 1380 (J.P.M.L. 2009) (determining fact that district judge "is not currently assigned to another such [MDL] docket" made transfer desirable). Judge Bryan's extensive experience managing class actions makes him a superior choice to oversee these actions.

**C. The District of Minnesota provides a central location for the convenience of all transferred cases.**

Minnesota is also geographically central to this litigation. *See In re Stryker*, 949 F. Supp. 2d at 1380 (finding that the District of Minnesota "offers a relatively accessible and geographically central forum"). The Minneapolis-St. Paul International Airport—a central destination for the largest airlines—provides direct flights to multiple locations across the country throughout the day, as well as international flights. Minneapolis-St. Paul has ample, reasonably priced hotel accommodations within easy walking distance of the federal courthouses.

**CONCLUSION**

Based on the foregoing, Plaintiff City of Peabody respectfully requests that this Panel centralize all related actions pursuant to 28 U.S.C. § 1407 and transfer them to the District of Minnesota.

Date: <u>June 3, 2026</u>

Respectfully submitted,

*/s/ Kathleen C. Chavez*
Kathleen C. Chavez (IL Bar No. 6255735)
Robert Foote (IL Bar No. 3124325)
Bret Pufahl (IL Bar No.6325814)
Elizabeth Chavez (IL Bar No. 6323726)
**FOOTE CHAVEZ LAW LLC**
1541 E. Fabyan Parkway, Suite 101
Geneva, IL 60134
Telephone: (630) 849-8529
kcc@fmcolaw.com
rmf@fmcolaw.com
bkp@fmcolaw.com
ecc@fmcolaw.com

Daniel J. Nordin (#392393)
Daniel E. Gustafson (#202241)
Daniel C. Hedlund (#258337)
Lydia E. Lockwood (#505659)
Joe E. Nelson (#402378)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Tel: (612) 333-8844
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com
llockwood@gustafsongluek.com
jnelson@gustafsongluek.com

8