**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: FIREFIGHTER TURNOUT GEAR MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION** | **MDL NO. 3191** |

**PLAINTIFF EARLVILLE COMMUNITY FIRE PROTECTION
DISTRICT'S INTERESTED PARTY RESPONSE IN SUPPORT OF
CENTRALIZATION AND TRANSFER OF RELATED ACTIONS TO
THE DISTRICT OF MINNESOTA**

Plaintiff Earlville Community Fire Protection District ("Earlville")[1] respectfully submits this Interested Party Response in Support of the City of Rochester, New York's Motion for Transfer and Centralization of Related Actions[2] to the District of Minnesota for Consolidated or Coordinated Pretrial Proceedings before the Honorable Jeffrey M. Bryan.

**I.     ARGUMENT**

For the reasons set forth in the City of Rochester's Memorandum of Law[3] and below—including the Related Actions' common factual allegations and the District of Minnesota's accessibility, centrality, convenience, and favorable docket conditions—transfer and centralization before Judge Bryan will promote the efficient resolution of this litigation and best serve the convenience of the parties and witnesses.

---

[1] Earlville is the plaintiff and putative class representative in *Earlville Community Fire Protection District v. 3M Company et al.*, No. 0:26-cv-02388 (D. Minn.), filed April 27, 2026.

[2] There are five Related Actions now pending: *City of Peabody, Massachusetts v. 3M Company, et al.*, No. 25-cv-2083 (D. Minn.); *City of Rochester, New York v. 3M Company, et al.*, No. 26-cv-02329 (D. Minn.); *Earlville Community Fire Protection District v. 3M Company, et al.*, No. 26-cv-02388 (D. Minn.); *County of San Mateo v. 3M Company, et al.*, No. 26-cv-02380 (N.D. Cal.); and *City and County of Butte-Silver Bow, Montana, et al. v. 3M Company, et al.*, No. 25-cv-00036 (D. Mont.).

[3] *See* MDL No. 3191, ECF No. 2-1.

**A.    The Related Actions should be centralized.**

Under Section 1407(a), the Panel has discretion to transfer civil actions pending in two or more districts to a single district for coordinated or consolidated pretrial proceedings when the actions share "one or more common questions of fact" and transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of such actions. 28 U.S.C. § 1407(a); *In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, 712 F. Supp. 3d 1394, 1395-96 (J.P.M.L. 2024). Earlville agrees with the City of Rochester that these requirements are met here.

First, each Related Action arises out of harms occasioned by Defendants' manufacture, distribution, and sale of firefighting Turnout Gear containing perfluorinated and polyfluorinated alkyl substances ("PFAS"). Adjudication of the Related Actions will thus involve myriad common questions of fact, including the composition and toxicity of the PFAS Turnout Gear, the contamination risks of PFAS-laden Turnout Gear, and Defendants' knowledge and concealment of those risks. While certain allegations in the Related Actions may not be uniform, there is an abundance of factual overlap; Section 1407(a) "does not require a complete identity or even majority of common factual issues as a prerequisite to transfer." *In re Nat'l Sec. Agency Telecomms. Records Litig.*, 444 F. Supp. 2d 1332, 1334 (J.P.M.L. 2006).

Second, centralization would serve the convenience of the parties and witnesses and facilitate the just and efficient conduct of the Related Actions. The shared core factual issues concerning PFAS Turnout Gear will drive discovery, expert work, and motion practice. Centralizing the Related Actions would thus avoid inconsistent rulings and obligations across districts, repetitive motion practice, multiple depositions of the same individuals, and needless

spending of judicial and party resources. *See In re Tepezza Mktg., Sales Pracs., & Prods. Liab. Litig.*, 677 F. Supp. 3d 1368, 1369 (J.P.M.L. 2023) (directing centralization in order to "substantially streamline pretrial proceedings, reduce duplicative discovery and conflicting pretrial obligations, [and] prevent inconsistent rulings on common preemption and Daubert challenges").

      **B.    The Panel should centralize the Related Actions before Judge Bryan in the District of Minnesota.**

Beyond hosting the majority of the pending Related Actions, the District of Minnesota is a convenient forum for all parties and counsel. The Panel regularly recognizes that the District of Minnesota's central metropolitan location facilitates convenient access for parties. *See, e.g., In re Air Crash at Toronto Pearson Int'l Airport on Feb. 17, 2025*, 796 F. Supp. 3d 1377, 1378 (J.P.M.L. 2025) ("The District of Minnesota . . . offers a convenient and accessible forum for the parties and witnesses."); *In re Granulated Sugar Antitrust Litig.*, 737 F. Supp. 3d 1370, 1371-72 (J.P.M.L. 2024) (noting that the District of Minnesota "presents a convenient and accessible venue for this nationwide litigation"); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 398 F. Supp. 2d 1371, 1372 (J.P.M.L. 2005) (Minnesota is "a geographically central, metropolitan district equipped with the resources that this complex products liability litigation is likely to require."). *In re Operation of Mo. River Sys. Litig.*, 277 F. Supp. 2d 1378, 1379 (J.P.M.L. 2003) ("[T]he Minnesota forum is an accessible and geographically convenient district equipped with the resources that this complex docket is likely to require.").

Moreover, because a principal defendant in the Related Actions—3M Company ("3M")—is headquartered in Saint Paul, Minnesota, the District of Minnesota is likely to be the location of many relevant witnesses and documents. *See In re Change Healthcare, Inc.,*

*Customer Data Sec. Breach Litig.*, 737 F. Supp. 3d 1367, 1368-69 (J.P.M.L. 2024) (finding District of Minnesota an appropriate transferee court because "much of the relevant evidence will be found there"); *In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, 148 F. Supp. 3d 1383, 1386 (J.P.M.L. 2015) (transferring and centralizing the litigation in the District of Minnesota in part because 3M is headquartered there, providing access to relevant witnesses and documents).

That the action brought by Plaintiff City and County of Butte-Silver Bow ("Silver Bow") in the District of Montana was the first-filed of the five Related Actions does not warrant selecting Montana as the transferee forum, especially where that case has not progressed in a way that would provide a meaningful "head start" for purposes of common discovery, expert issues, or dispositive motion practice. *Compare* ECF No. 296, *City and Cnty. of Butte-Silver Bow, Mont., et al. v. 3M Co., et al.*, No. 25-cv-00036 (D. Mont.) (setting June 11, 2026 as the deadline to file motions to dismiss plaintiffs' second amended complaint), *with* ECF No. 20, *Cnty. of San Mateo v. 3M Co., et al.*, No. 26-2380 (N.D. Cal.) (setting June 5, 2026 as the deadline to respond to plaintiff's complaint), *and* ECF No. 175, *City of Peabody, Mass. v. 3M Co., et al.*, No. 25-cv-2083 (D. Minn.) (plaintiff's May 26, 2026 opposition to defendants' motions to dismiss its first amended complaint). Nor does the District of Montana otherwise provide the convenience and discovery-based efficiencies offered by the District of Minnesota. *See In re Halftone Color Separations Patent Litig.*, 547 F. Supp. 2d 1383, 1385 (J.P.M.L. 2008) (finding that the District where first case was filed had "no special connection to either the parties or the litigation's subject matter," and thus centralization was appropriate where the purported patent-holding defendant was located).

Furthermore, Judge Bryan is well suited to oversee this MDL. The Panel has frequently cited the benefit of transferring an MDL to an "experienced jurist who has not yet had the opportunity to serve as a transferee judge." *See, e.g.*, *In re ByHeart, Inc., Infant Formula Mktg., Sales Practices, & Prods. Liab. Litig.*, No. MDL No. 3178, 2026 WL 947199, at *1 (J.P.M.L. Apr. 2, 2026)*; In re Archery Prods. Antitrust Litig.*, 808 F. Supp. 3d 1412, 1414 (J.P.M.L. 2025); *In re Chantix (Varenicline) Mktg., Sales Practices and Prods. Liab. Litig.*, 648 F. Supp. 3d 1381, 1383 (J.P.M.L. 2022). Such is the case with Judge Bryan, who has served as a judge in various courts since 2013 but has yet to preside over an MDL.[4] Assigning this MDL to Judge Bryan will thus both ensure the Related Actions receive the judicial attention necessary to coordinate common discovery, resolve recurring pretrial disputes, and manage expert proceedings efficiently and provide an experienced jurist a first opportunity to preside over an MDL.

## CONCLUSION

For the foregoing reasons, the Panel should centralize the Related Actions and transfer them pursuant to 28 U.S.C. § 1407 for coordinated or consolidated proceedings before Judge Bryan in the District of Minnesota.

Dated: June 3, 2026                           Respectfully submitted,

                                              */s/ Gwyneth F. Lietz*
                                              Kenneth A. Wexler
                                              Bethany R. Turke
                                              Gwyneth F. Lietz
                                              **WEXLER BOLEY & ELGERSMA LLP**
                                              311 S. Wacker Drive, Suite 5450

---

[4] *See, e.g., Federal Judicial Center*, Bryan, Jeffrey Marc https://www.fjc.gov/history/judges/bryan-jeffrey-marc (last visited June 2, 2026); *MDL Cases*, United States District Court, District of Minnesota, https://www.mnd.uscourts.gov/mdl-cases (last visited June 2, 2026).

Chicago, Illinois, 60606
Tel: (312) 346-2222
Fax: (312) 346-0022
kaw@wbe-llp.com
brt@wbe-llp.com
gfl@wbe-llp.com

David M. Cialkowski
**ZIMMERMAN REED LLP**
1100 IDS Center, 80 S. 8th St.
Minneapolis, MN 55402
Tel: (612) 341-0400
Fax: (612) 341-0844
david.cialkowski@zimmreed.com

*Counsel for Plaintiff Earlville and the Proposed
Class*