**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: FIREFIGHTER TURNOUT GEAR MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL. No. 3191 |

**PLAINTIFF COUNTY OF SAN MATEO'S INTERESTED PARTY RESPONSE TO PLAINTIFF CITY OF ROCHESTER'S MOTION FOR CENTRALIZATION AND TRANSFER OF RELATED ACTIONS TO THE DISTRICT OF MINNESOTA PURSUANT TO 28 U.S.C. § 1407 FOR CONSOLIDATED OR COORDINATED PRETRIAL PROCEEDINGS**

## TABLE OF CONTENTS

**Page No.**

I.      INTRODUCTION ................................................................................................ 1

II.     LEGAL STANDARD ......................................................................................... 2

III.    ARGUMENT....................................................................................................... 3

        A.      Plaintiff Agrees That Centralization Is Appropriate ............................... 3

        B.      The Northern District of California Is the Most Appropriate Transferee Forum.... 3

        C.      In the Alternative, the Panel Should Transfer the Related Actions to the District
                of Minnesota ........................................................................................... 6

IV.     CONCLUSION.................................................................................................... 7

i

## TABLE OF AUTHORITIES

**Page No.**

**Cases**

*In re Baby Food Prods. Liab. Litig.*,
    No. 24-md-03101, 2025 WL 2799096 (N.D. Cal. Oct. 1, 2025)..........................................4

*Cannara v. Nemeth*,
    467 F. Supp. 3d 877 (N.D. Cal. 2020), *aff'd*, 21 F.4th 1169 (9th Cir. 2021) ......................6

*Cavalier v. Apple Inc*.,
    No. 25-cv-00713-PCP, 2026 WL 1069860 (N.D. Cal. Mar. 16, 2026)...............................3

*In re Compression Labs, Inc., Pat. Litig*.,
    360 F. Supp. 2d 1367 (J.P.M.L. 2005)..................................................................................4

*In re Fire Apparatus Antitrust Litig.*,
    No. MDL 3179, 2026 WL 914676 (J.P.M.L. Apr. 3, 2026)...................................................2

*Jackson Fam. Wines, Inc. v. Zurich Am. Ins. Co.*,
    No. 22-cv-07842-AMO (DMR), 2024 WL 3325382 (N.D. Cal. July 8,
    2024) ......................................................................................................................................6

*In re JUUL Labs, Inc., Mktg., Sales Pracs., & Prods. Liab. Litig.*,
    497 F. Supp. 3d 552 (N.D. Cal. 2020) ..................................................................................4

*Kunde Enters., Inc. v. Nat'l Sur. Corp.*,
    608 F. Supp. 3d 883 (N.D. Cal. 2022) ..................................................................................6

*Nat'l Foam, Inc. v. Zurich Am. Ins. Co.*,
    No. 23-cv-03873-LB, 2026 WL 873448 (N.D. Cal. Mar. 30, 2026)....................................3

*Paradise Unified Sch. Dist. v. Fire Victim Tr.*,
    No. 20-cv-05414-HSG, 2021 WL 428629 (N.D. Cal. Feb. 8, 2021), *aff'd
    sub nom. In re Pac. Gas & Elec. Co.*, No. 21-15447, 2022 WL 911780
    (9th Cir. Mar. 29, 2022) ........................................................................................................6

*In re PG&E Corp. Sec. Litig.*,
    No. 5:18-cv-03509-EJD, 2025 WL 2781745 (N.D. Cal. Sept. 30, 2025)............................5

*In re Roundup Prods. Liab. Litig.*,
    390 F. Supp. 3d 1102 (N.D. Cal. 2018), *aff'd sub nom. Hardeman v.
    Monsanto Co.*, 997 F.3d 941 (9th Cir. 2021)....................................................................3, 4

*Solano v. Vistra Corp.*,
    No. 25-cv-02073-EKL, 2026 WL 60063 (N.D. Cal. Jan. 7, 2026).....................................5

*Sprawldef v. Fed. Emergency Mgmt. Agency*,
No. 15-cv-02331-LB, 2016 WL 6696046 (N.D. Cal. Nov. 15, 2016), *aff'd*,
717 F. App'x 733 (9th Cir. 2018) ........................................................................6

*United States v. Pac. Gas & Elec. Co.*,
153 F. Supp. 3d 1076 (N.D. Cal. 2015) ..............................................................6

*In re Viagra (Sildenafil Citrate) Prod. Liab. Litig.*,
176 F. Supp. 3d 1377 (J.P.M.L. 2016)................................................................5

*In re Wells Fargo Home Mort. Overtime Pay Litig.*,
435 F. Supp. 2d 1338 (J.P.M.L. 2006)................................................................5

*In re Worldcom, Inc., Sec. & ERISA Litig.*,
226 F. Supp. 2d 1352 (J.P.M.L. 2002)................................................................4

**Statutes**

28 U.S.C. § 1407.............................................................................................1, 2, 3

**Other Authorities**

*Ann. Manual Complex Lit.*,
§ 20.131 (4th ed.) (2025) ...................................................................................2

*Newberg and Rubenstein on Class Actions*,
§ 6:60 (6th ed.) (June 2026 Update) ..................................................................2

Pursuant to 28 U.S.C. § 1407 and Rule of Procedure of the Judicial Panel on Multidistrict Litigation 6.2(e), Plaintiff County of San Mateo ("San Mateo County") in *County of San Mateo v. 3M Company, et al..*, No. 3:26-cv-02380 (N.D. Cal. Mar. 18, 2026), Dkt. 1, respectfully submits this response to Movant Plaintiff City of Rochester's ("City of Rochester") Motion for Centralization and Transfer of Related Actions for Consolidated or Coordinated Pretrial Proceedings ("Motion") (Dkts. 1, 1-1). San Mateo County agrees that centralization of the related actions pursuant to 28 U.S.C. § 1407 is appropriate but, for the reasons articulated herein, believes transfer is more appropriate to the Northern District of California, which is a forum with extensive experience in complex products liability MDLs and a strong interest in fire-related litigation. In the alternative, San Mateo County supports transfer to the District of Minnesota.

## I.    INTRODUCTION

Plaintiff San Mateo County respectfully submits this Interested Party Response to the City of Rochester's Motion. While San Mateo County agrees that centralization under 28 U.S.C. § 1407 is appropriate given the number of related actions and their substantial overlap in factual and legal issues, transfer to the Northern District of California, which has extensive experience presiding over and managing complex economic loss and products liability class actions and fire-related litigation, would be more appropriate.

This litigation implicates significant public safety concerns in California. Plaintiff San Mateo County is one of the two California-based class representatives currently in this litigation. California public entities operate in an environment of heightened fire risk and escalating fire destruction.

For communities like San Mateo County, it is critical for firefighters to have safe Personal Protective Equipment ("PPE") that both shields firefighters from dangerous fire conditions and does not contain hazardous levels of PFAS, which are commonly known as "forever chemicals."

1

The Northern District of California would provide an ideal forum for this coordinated proceeding — particularly in light of California's substantial interest in the subject matter of this litigation and the presence of a Northern California public entity class representative. In the alternative, the District of Minnesota would be an appropriate forum, as there are three related cases pending there.

For these reasons, the Panel should centralize the related actions in the Northern District of California or, in the alternative, to the District of Minnesota.

## II.      LEGAL STANDARD

Civil actions pending in different districts are properly centralized where the actions involve "one or more common questions of fact," where transfer would serve "the convenience of parties and witnesses," and where pretrial consolidation would "promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). Movants bear the burden of showing that centralization is warranted. *In re Fire Apparatus Antitrust Litig.,* No. MDL 3179, 2026 WL 914676, at *1 (J.P.M.L. Apr. 3, 2026).   "In selecting a transferee district and MDL judge, the Panel is attempting to promote the efficient resolution of a piece of complex litigation." *Newberg and Rubenstein on Class Actions*, § 6:60 (6th ed.) (June 2026 Update). "The JPML is vested with the authority to consolidate cases for pre-trial purposes and thereby establish a multidistrict litigation (or MDL) in a particular forum." *Id*. § 6:45. That authority is "rooted" in "section 1407," which "gives essentially unfettered discretion to the JPML to pick a site for an MDL[.]" *Id*.

No single factor determines the selection of the transferee district, "but the Panel does consider where the largest number of cases is pending, where discovery has occurred, where cases have progressed furthest, the site of the occurrence of the common facts, where the cost and inconvenience will be minimized, and the experience, skill, and caseloads of available judges." *Ann. Manual Complex Lit.*, § 20.131 (4th ed.) (2025).

Here, these factors weigh in favor of transferring them to the Northern District of California or, alternatively, to the District of Minnesota for coordinated or consolidated pretrial proceedings.

## III.    ARGUMENT

### A.    Plaintiff Agrees That Centralization Is Appropriate

Plaintiff San Mateo County agrees with Plaintiff City of Rochester that centralization is appropriate pursuant to 28 U.S.C. § 1407 given that there are at least five related actions that involve "one or more common questions of fact"; transfer would serve "the convenience of parties and witnesses"; and pretrial consolidation would "promote the just and efficient conduct of such actions." *See* 28 U.S.C. § 1407(a).

### B.    The Northern District of California Is the Most Appropriate Transferee Forum

The Northern District of California would serve as an appropriate (and excellent) transferee forum. The Northern District of California has repeatedly demonstrated that it possesses the judicial resources, institutional experience, and expertise necessary to manage complex economic loss and products liability multidistrict litigation efficiently.

First, the Northern District of California has substantial expertise in PFAS and chemical cases. *See, e.g., Cavalier v. Apple Inc.*, No. 25-cv-00713-PCP, 2026 WL 1069860, at *1 (N.D. Cal. Mar. 16, 2026) (nationwide class action arising from claims that Apple Watch Sport Bands contain "dangerous levels of perfluorohexanoic acid, a type of forever chemical,' and that Apple did not warn them of the risk."); *Nat'l Foam, Inc. v. Zurich Am. Ins. Co.*, No. 23-cv-03873-LB, 2026 WL 873448, at *1 (N.D. Cal. Mar. 30, 2026) (insurance-coverage dispute arising from litigation for "alleged injury caused by per-and polyfluoroalkyl substances (PFAS) in its Aqueous Film-Forming Foam (AFFF) fire-extinguishing products."); *In re Roundup Prods. Liab. Litig.*, 390 F. Supp. 3d 1102, 1109–10 (N.D. Cal. 2018), *aff'd sub nom. Hardeman v. Monsanto Co.*, 997 F.3d 941 (9th

3

Cir. 2021) (product liability class action litigation arising from use of glyphosate in Roundup herbicide).

Second, the Northern District of California has expertise in economic loss and product liability MDLs. The Northern District of California is well versed in the successful oversight of MDL litigation and shows expertise and experience handling MDL cases. Currently, there are twelve MDLs pending in the Northern District of California.[1] The Northern District of California has particular expertise in products liability MDLs, like this one. *See, e.g., In re Baby Food Prods. Liab. Litig.*, No. 24-md-03101, 2025 WL 2799096, at *1 (N.D. Cal. Oct. 1, 2025) (MDL arising from allegations that baby food contained "toxic heavy metals"); *In re JUUL Labs, Inc., Mktg., Sales Pracs., & Prods. Liab. Litig.*, 497 F. Supp. 3d 552, 618 (N.D. Cal. 2020) (MDL arising from allegations that e-cigarette manufacturer marketed to children and "addict[ed] children to nicotine."); *In re Roundup Prods. Liab. Litig.*, 390 F. Supp. 3d at 1110.

Third, the Northern District of California is well equipped with the resources required in a complex docket. *See In re Compression Labs, Inc., Pat. Litig.*, 360 F. Supp. 2d 1367, 1369 (J.P.M.L. 2005) (the Northern District of California "is an easily accessible, metropolitan district that is well equipped with the resources that this complex docket is likely to require"). The staff and Clerk's office in the Northern District of California are experienced, efficient, and well-equipped to provide the necessary support services for managing this litigation.

Fourth, the Northern District of California is easily accessible for all parties and witnesses. Centered around the San Francisco Bay Area, the Northern District of California is close to multiple large airports and other convenient modes of transportation. *See In re Worldcom, Inc.*,

---

[1] *See* United States District Court, Northern District of California, Multi-District Litigation (MDL) Cases, https://cand.uscourts.gov/cases-e-filing/cases/multi-district-litigation-mdl-cases.

*Sec. & ERISA Litig.*, 226 F. Supp. 2d 1352, 1355 (J.P.M.L. 2002) (noting the conveniences of a metropolitan area with major airline service, hotel, and office accommodations). This Panel has recognized that the Northern District of California "provides a convenient and easily accessible location for . . . geographically dispersed litigation." *In re Viagra (Sildenafil Citrate) Prod. Liab. Litig.*, 176 F. Supp. 3d 1377, 1378 (J.P.M.L. 2016); *see also In re Wells Fargo Home Mort. Overtime Pay Litig.,* 435 F. Supp. 2d 1338, 1340 (J.P.M.L. 2006) (the Northern District of California "is an accessible location that will be geographically convenient for litigants, witnesses and counsel"). The courthouse for the San Francisco Division is close to major hotel chains, an efficient mass transit system, and less than thirteen miles from the San Francisco Airport ("SFO"). SFO is a hub to major airlines and one of largest airports in the country, servicing over 54 million passengers in FY 2025.[2]

Moreover, the Northern District of California would provide a particularly appropriate forum in light of California's substantial public safety interest in the subject matter of this litigation. Plaintiff San Mateo County is one of the two California-based class representatives currently participating in these proceedings. California public entities operate under uniquely heightened fire risk and escalating fire destruction. For communities such as San Mateo County, protecting firefighters from dangerous chemicals is essential to protecting lives, property, and public infrastructure. The provision of firefighter turnout gear that contains unsafe levels of toxic chemicals disproportionately burdens public entities in fire-prone states like California.

And aside from its expertise in complex MDLs, the Northern District of California has already presided over a number of complex fire-related litigation. *See, e.g., Solano v. Vistra Corp.*, No. 25-cv-02073-EKL, 2026 WL 60063 (N.D. Cal. Jan. 7, 2026); *In re PG&E Corp. Sec. Litig.*,

---

[2] *See* https://www.flysfo.com/about/finances/fy-2024-2025-annual-report.

No. 5:18-cv-03509-EJD, 2025 WL 2781745 (N.D. Cal. Sept. 30, 2025); *Jackson Fam. Wines, Inc. v. Zurich Am. Ins. Co.*, No. 22-cv-07842-AMO (DMR), 2024 WL 3325382 (N.D. Cal. July 8, 2024); *Kunde Enters., Inc. v. Nat'l Sur. Corp.*, 608 F. Supp. 3d 883 (N.D. Cal. 2022); *Paradise Unified Sch. Dist. v. Fire Victim Tr.*, No. 20-cv-05414-HSG, 2021 WL 428629 (N.D. Cal. Feb. 8, 2021), *aff'd sub nom. In re Pac. Gas & Elec. Co.*, No. 21-15447, 2022 WL 911780 (9th Cir. Mar. 29, 2022); *Cannara v. Nemeth*, 467 F. Supp. 3d 877 (N.D. Cal. 2020), *aff'd*, 21 F.4th 1169 (9th Cir. 2021); *Sprawldef v. Fed. Emergency Mgmt. Agency*, No. 15-cv-02331-LB, 2016 WL 6696046 (N.D. Cal. Nov. 15, 2016), *aff'd*, 717 F. App'x 733 (9th Cir. 2018); *United States v. Pac. Gas & Elec. Co.*, 153 F. Supp. 3d 1076 (N.D. Cal. 2015).

The other factors do not support a single district. For example, the largest number of cases are pending in the District of Minnesota (*i.e.*, three). As another example, while the District of Montana case is more advanced than the other related actions, discovery in Montana is in an early phase. Finally, no single venue can be considered the site of the occurrence of common facts given that firefighters across the country require PPE. By contrast, the Northern District of California's skill and experience in product liability cases and chemical litigation, and the heightened fire risks in California, favor the Northern District of California.

For the reasons stated above, Plaintiff respectfully requests that the Panel transfer the related actions and all subsequent tag-along cases for coordinated and consolidated pretrial proceedings in the Northern District of California.

### C.    In the Alternative, the Panel Should Transfer the Related Actions to the District of Minnesota

If the Panel does not find the Northern District of California to be the most appropriate transferee court, the Panel should transfer all related actions to the District of Minnesota. Three of the related actions are pending in the District of Minnesota. *See* Dkt. No. 1 at 1. In addition,

6

Defendant 3M Company, which is one of the largest defendants, is based in Minnesota. *See id.* at 3. Furthermore, the District of Minnesota has experience handling complex MDLs, such as this one. *See, e.g., In re: Stryker Rejuvenate and ABG II Hip Implant Products Liability Litig.* (MDL No. 2441); *In re: Bair Hugger Forced Air Warming Devices Products Liability Litig.* (MDL No. 2666).

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff County of San Mateo respectfully requests that the Panel centralize the Related Actions in the Northern District of California or, alternatively, in the District of Minnesota.

Date: June 3, 2026                                Respectfully submitted,

                                                  */s/ Adam J. Zapala*
                                                  Adam J. Zapala (California Bar No. 245748)
                                                  Elizabeth T. Castillo (California Bar No. 280502)
                                                  Christopher F. Jeu (California Bar No. 247865)
                                                  Lauren A. Devens (California Bar No. 364511)
                                                  **COTCHETT, PITRE & McCARTHY, LLP**
                                                  840 Malcolm Road, Suite 200
                                                  Burlingame, CA 94010
                                                  Telephone: (650) 697-6000
                                                  Facsimile: (650) 697-0577
                                                  azapala@cpmlegal.com
                                                  ecastillo@cpmlegal.com
                                                  cjeu@cpmlegal.com
                                                  ldevens@cpmlegal.com

                                                  *Attorneys for Plaintiff County of San Mateo*

7