**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: FIREFIGHTER TURNOUT GEAR MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 3191 |

**MOTION TO STRIKE NOTICE OF PRESENTATION OF ORAL ARGUMENT BY
CO-LEAD COUNSEL FOR PLAINTIFFS IN MDL NO. 2873**

Under JPML Rule 11.1(e), co-lead counsel for plaintiffs in MDL No. 2873 ("MDL 2873 Co-Lead Counsel") should not be permitted to present oral argument in this matter. As discussed below, they are not entitled to present oral argument under Rule 11.1(e), and they have failed to seek Panel approval or show good cause for presenting argument. Therefore, undersigned counsel file this motion under JMPL Rule 6.3 to strike MDL 2873 Co-Lead Counsel's notice of intention to present oral argument.

MDL 2873 Co-Lead Counsel filed an *amicus curiae* brief in this matter on July 2, 2026, asking this Panel to transfer all of the Related Cases, which concern the purchase of personal protection equipment and turnout gear (TOG), to MDL 2873. *See* MDL No. 3191, Dkt. 70. MDL 2873 Co-Lead Counsel are not counsel for plaintiffs in any of the Related Actions (or in any potential tag-along action) in this MDL. In so doing, they seek to take control of all Related Actions concerning personal protection equipment and turnout gear (TOG) to MDL 2873 even though the Panel has stated that "[w]e have never transferred an action to this MDL that involves only claims relating to PFAS-containing TOG." *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 765 F. Supp. 3d 1379, 1380 (U.S. Jud. Pan. Mult. Lit. 2024). MDL 2873 Co-Lead Counsel admit in their *amicus* brief that they intend to take control of the Related Cases despite not having played any role in bringing or prosecuting those cases, the first of which was brought two years ago, and that they only "welcome finding a role for the counsel [in the Related Cases] *who are championing*

- 1 -

*the Related Actions in the AFFF MDL.*" *Id.* at 20 (emphasis added). MDL 2873 Co-Lead Counsel thus seek to freeze out any counsel in the Related Cases who do not support them and seek to take control of a claim they have yet to bring for any client. In so doing, they seek to nullify an order by the District of Montana appointing interim class counsel in one Related Case.[1] The undersigned counsel are interim class counsel in that case and do *not* "champion" transfer of that action to the AFFF MDL.

MDL 2873 Co-Lead Counsel have now provided notice of their intention to present oral argument despite not representing a single party in any of the Related Actions or any potential tag-along action. *See* MDL No. 3191, Dkt. 87 (dated July 7, 2026). They ignore that the form they filed quotes Rule 11.1(e), which states that "[a]bsent Panel approval and for good cause shown, only those parties to actions who have filed a motion or written response to a motion or order shall be permitted to present oral argument." In purporting to give notice of oral argument, MDL 2873 Co-Lead Counsel identify the "Parties Represented" as "Interested Party: Co-Lead Counsel for Plaintiffs in MDL No. 2873." Dkt. 87. Thus, MDL 2873 Co-Lead Counsel admit that *they* are the supposed interested party. They also identify the "Short Case Caption(s)" as 2:18-mn-02873-RMG In Re Aqueous Film-Forming Foams Products Liability Litigation MDL 2873 District of South Carolina." *Id.* That is not a Related Action or a potential tag-along action. Thus, they do not have the right to present oral argument.

MDL 2873 Co-Lead Counsel's notice of intention to present argument should be stricken pursuant to Rule 11.1 because they have neither sought approval from the Panel to present oral argument nor provided good cause for being allowed to argue.

---

[1] *See City and County of Butte Silver-Bow, et al. v. 3M Co., et al.*, Case No. 25-cv-00036, Order on Motion for Interim Class Counsel Appointment, Dkt. 301, dated May 28, 2026.

DATED: July 7, 2026

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By: */s/ Steve W. Berman*
Steve W. Berman
Craig R. Spiegel
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com
craig@hbsslaw.com
John Heenan
HEENAN & COOK
1631 Zimmerman Trail
Billings, MT 59102
Telephone: (406) 839-9091
Facsimile:  (406) 839-9092
john@lawmontana.com

Michael A. Bliven
BLIVEN LAW FIRM
704 South Main Street
Kalispell, MT 59901
Telephone: (406) 625-0100
mike@blivenlawfirm.com

Ian W. Sloss
Jennifer Sclar
Kate Sayed
Samantha Blend
SILVER GOLUB & TEITELL LLP
One Landmark Square, 15th Floor
Stamford, CT 06901
Telephone: (203) 325-4491
isloss@sgtlaw.com
jsclar@sgtlaw.com
ksayed@sgtlaw.com

Kyle J. McGee
Viola Vetter
Suzanne Sangree
Kyle Landis Marinello
GRANT & EISENHOFER P.A.
123 S Justison Street
Wilmington, DE 19801
Telephone: (302) 622-7000
kmcgee@gelaw.com
vvetter@gelaw.com
ssangree@gelaw.com
kmarinello@gelaw.com

- 3 -

- 4 -

*Attorneys for Plaintiffs City and County of Butte-Silver Bow, Montana, City of Santa Monica, California; City of Stamford, Connecticut; Old Mystic Fire District, Connecticut; Mayor and City Council of Baltimore, Maryland; Charles County, Maryland; City of St. Louis, Missouri; Kansas City, Missouri; Anniston, Alabama; Little Rock, Arkansas; Pine Bluff, Arkansas; Worcester, Massachusetts; Markham, Illinois; Gary, Indiana; Borough of Emmaus, Pennsylvania; and City of Oak Creek, Wisconsin*, Case No. 2:25-cv-00036-BMM (D. Mont.)

011292-11/3601314 V1