**BEFORE THE**
**UNITED STATES JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: FIREFIGHTER TURNOUT GEAR MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION** | **MDL DOCKET NO. 3191**<br><br>**This Document Relates To:**<br><br>*City of Rochester v. 3M Company et al.*, No. 0:26-cv-2329 (D. Minn.)<br><br>*City of Peabody v. 3M Company et al.*, No. 0:25-cv-2083 (D. Minn.)<br><br>*Earlville Committee Fire Protection District v. 3M Company et al.*, No. 0:26-cv-2388 (D. Minn.)<br><br>*County of San Mateo v. 3M Company et al.*, No. 3:26-cv-2380 (N.D. Cal.)<br><br>*City of Butte-Silver Bow et al. v. 3M Company et al.*, No. 2:25-cv-00036 (D. Mont.) |

**OPPOSITION TO MOTION TO STRIKE NOTICE OF PRESENTATION OF ORAL ARGUMENT BY CO-LEAD COUNSEL FOR PLAINTIFFS IN MDL NO. 2873**

On July 7, 2026, pursuant to J.P.M.L. Rule 11.1(d), Michael London, Esq., one of Plaintiffs' Co-Lead Counsel in the *Aqueous Film Forming Foams Prods. Liab. Litig.*, MDL No. 2873 ("Plaintiffs' Lead Counsel"), properly filed a Notice of Presentation of Oral Argument ("Notice of Oral Argument")[ECF No. 87]. This Notice of Oral Argument was made in connection with the properly filed Interested Party Response of Plaintiffs' Co-Lead counsel of the *In re Aqueous Film Forming Foams Multidistrict Litigation* ("Interested Party Response")[ECF No. 70].

Despite the propriety of these filings, on July 7, 2026, a Motion to Strike your undersigned's Notice of Oral Argument was filed by Hagens Berman Sobol Shapiro LLP ("Hagens

Berman"), which inaccurately argued that Plaintiffs' Co-Lead Counsel "should not be permitted to present under Rule 11.1(e)."[1]

As set forth below, the Panel rules plainly and patently allow for both the Interested Party Response that was filed by Plaintiffs' Co-Lead Counsel, and the Notice of Oral Argument that was filed by your undersigned. As such, the Motion to Strike appears to be nothing more than a backdoor attempt to file an impermissible reply brief and should be denied.

## **ARGUMENT**

A.    The Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation Allow for Plaintiffs' Co-Leads to File Their Amicus Brief and a Notice of Oral Argument

On June 11, 2026, this Panel entered a Minute Order stating that "no later than the Thursday prior to the hearing session" of July 30, 2026, an Interested Party Response may be filed [ECF No. 64]. On July 2, 2026, Plaintiffs' Co-Lead Counsel filed their Interested Party Response pursuant to Rule 6.2(e) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation ("JPML" and/or "Panel"). Rule 6.2(e) states that "any party or counsel in one or more potential tag-along actions as well as *amicus curiae* may file a response to a pending motion to transfer. Such a case document shall be deemed an Interested Party Response." *Id*. (emphasis added). As Amicus Curiae, Plaintiffs' Co-Lead Counsel's Interested Party Response was properly and timely filed.

On June 12, 2026, this Panel issued a Hearing Order setting a Hearing Session for July 30, 2026 [ECF No 65]. Pursuant to J.P.M.L. Rule 11.1(d)(i), in order to present oral argument,

---

[1] Motion to Strike Notice of Presentation of Oral Argument by Co-Lead Counsel for Plaintiffs in MDL No. 2873 ("Motion to Strike")[ECF No. 91], at 1.  Notably, although the Motion to Strike cites to J.P.M.L. Rule 11.1(e), the language that is quoted in the Motion to Strike is actually J.P.M.L. Rule 11(d)(i), not 11.1(e). J.P.M.L. 11.1(e) relates to the duty to confer prior to oral argument. As such, it is not entirely clear which Rule Hagens Berman contends was violated, however, since neither Rule was nor will be violated, it is immaterial. Plaintiffs' Co-Lead Counsel fully intends to comply with the duty to confer under 11.1(e) prior to oral argument.

Plaintiffs' Co-Lead Counsel was required to file a Notice of Presentation of Oral Argument and the Rule provides that in order to present such oral argument, there must have been a written response already filed absent Panel approval and for good cause shown. J.P.M.L Rule 11.1(d)(i). As noted above, a written Interested Party Response was filed pursuant to the Panel's Minute Order, and as such, neither Panel approval nor good cause was necessary and thus the Notice of Presentation of Oral Argument was properly filed.

Finally, it is worth noting that your undersigned has in fact argued before the Panel as an amicus curiae in a prior hearing session, namely, in the *In re Zoloft (Sertraline Hydrocholoride) Prods. Liab. Litig.*, MDL No. 2342. Thus, to the extent that Hagens Berman is arguing that amicus curiae are not permitted to argue in a hearing session that is simply a misunderstanding of the Panel rules.

B.      Hagens Berman's Motion to Strike Is Nothing More Than a Veiled Attempted at an Improper Reply Brief.

Although Hagens Berman's filing is styled as a Motion to Strike based on a purported procedural deficiency, nearly half of the Motion to Strike improperly responds to arguments raised in Plaintiff Co-Lead Counsel's Interested Party Response, including, *inter alia*, incorrectly arguing that:

- Co-Lead Counsel "seek to take control of all Related Actions concerning personal protection equipment and turnout gear (TOG) to MDL 2873 even though the Panel has stated that '[w]e have never transferred an action to this MDL that involves only claims relating to PFAS-containing TOG.'"[2]

- Arguing that Co-Lead Counsel "intend to take control of the Related Cases despite not having played any role in prosecuting those cases…"[3]

---

[2] Motion to Strike, at 1 (quoting *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 765 F. Supp. 3d 1379, 1380 (U.S. Jud. Pan. Mult. Lit. 2024)).

[3] *Id.* at 1.

- Arguing that "Co-Lead Counsel…seek to freeze out any counsel in the Related Cases who do not support them…;[4] and

- Arguing that Co-Lead Counsel "seek to nullify an order by the District of Montana appointing interim class counsel in one Related Case."[5]

Respectfully, if ever there was a case of thou doth protest too much, this would be it. As set forth fully in Plaintiffs' Co-Lead Counsel's Interested Party Response, the reality is the opposite. That is, the AFFF MDL has been prosecuting turnout gear cases for over five years, which is far longer than two years since the first of the Related Cases was filed. If anything, this newly proposed turnout gear MDL is an attempt to carve out a way to benefit and profit from the nearly eight years of hard work undertaken in the AFFF MDL. The fact is the science of per- and poly-fluoroalkyl substances (PFAS) has been fully discovered in the AFFF MDL, including a significant portion related to the turnout gear cases specifically. Moreover, liability related to Defendants' knowledge of the harmful effects of PFAS has likewise been litigated as against the exact same Defendants in the Related Cases.

In short, whether the particular delivery device emitting PFAS is AFFF or turnout gear, the Defendants' knowledge of PFAS' harmful effects and the science supporting same has already been discovered, there is nothing left to discover. Additionally, massive amounts of discovery against the turnout gear defendants has also already been undertaken. Thus, while Hagens Berman would portray the AFFF MDL as attempting to unjustly usurp the Related Cases, the reality is that it is the new proposed parallel turnout gear MDL that will undoubtedly lead to claims being subject to two MDLs, and will result in the duplication of work that was already done in the AFFF MDL (that they may not be aware of).

---

[4] *Id*. at 2.

[5] *Id*.

For these reasons, the Motion to Strike should be stricken and/or denied.

Dated: July 8, 2026                                       Respectfully submitted,


/s/ Michael A. London
Michael A. London
Douglas and London P.C.
1 State Street, 35th Floor
New York, NY 10004
212-566-7500
212-566-7501 (fax)
mlondon@douglasandlondon.com

Joseph Rice
Motley Rice LLC
28 Bridgeside Blvd.,
Mt. Pleasant, SC 29464
jrice@motleyrice.com

Scott Summy
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
214-521-3605
ssummy@baronbudd.com

*Plaintiffs' Co-Lead Counsel of the AFFF MDL*